**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

EYZLER ALEXANDER REVILLA-MEDINA,

Petitioner,

v.

WARDEN, IMPERIAL REGIONAL DETENTION FACILITY, et al.,

Respondents.

Case No.: 26cv5075 DMS (JAC)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**(ECF No. 1)**

Before the Court is Petitioner Eyzler Alexander Revilla-Medina's second Petition for a Writ of Habeas Corpus. (ECF No. 1.) For the following reasons, the Court **DENIES** the Petition.

**I.**

**BACKGROUND**

This is not Petitioner's first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court takes judicial notice of *Revilla Medina v. Mullin*, No. 26cv4237-DMS-JAC (S.D. Cal.) ("*Revilla Medina I*"). *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records). On July 24, 2026, Petitioner filed his first petition for a writ of habeas corpus in this Court seeking release from immigration custody. *See Revilla*

*Medina I*, ECF No. 1. The Court denied the petition in *Revilla Medina I* on September 3, 2026. The Court reasoned that, by failing to file a traverse, Petitioner did not meaningfully dispute Respondents' assertion that his mandatory detention is governed by 8 U.S.C. §1226(c)(1)(B).[1] *See Revilla Medina I*, ECF No. 5.

On September 8, 2026, Petitioner filed the instant second Petition for a writ of habeas corpus ("*Revilla-Medina II*")[2] pursuant to 28 U.S.C. § 2241. Petitioner challenges his continued detention after an immigration judge ("IJ") dismissed his removal proceedings without prejudice because the Notice to Appear ("NTA") "had been improvidently issued." (ECF No. 1-2 at 1.) Petitioner claims he is being detained without an applicable statutory basis and in violation of the Fifth Amendment's Due Process Clause. (*Id.* at 12–13.)

On September 9, 2026, the Court issued an Order to Show Cause ("OSC"), requiring Respondents to respond to the Petition and enjoining Respondents from transferring Petitioner outside the Southern District of California pending a ruling in this matter. (ECF No. 2.) On September 16, 2026, Respondents filed a Return, representing that "[i]n lieu of pursuing the charges in the NTA, DHS served Petitioner with an administratively final order of removal under 8 U.S.C. § 1228(b) on August 24, 2026." (ECF No. 6 at 2; ECF 6-1, Ex. 4 at 14–15.) Therefore, Respondents argue that Petitioner is now subject to an administratively final order of removal and mandatory detention pursuant to 8 U.S.C. § 1231. Respondents further contend, "[p]etitioner's detention is now statutorily mandated for 90 days from the date of his final order of removal on August 24, 2026." (ECF No. 6 at

---

[1] Detention under 8 U.S.C. § 1226(c)(1)(B) is mandatory unless the Attorney General decides that "release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding." 8 U.S.C. § 1226(c)(4).

[2] The Court notes that in his initial petition, Petitioner's surname was not hyphenated but in the second petition the name is hyphenated.

2.) As in *Revilla Medina I*, Petitioner did not file a Traverse or otherwise present arguments that his detention is not governed by 8 U.S.C. § 1231.

## II.
## LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in his petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III.
## DISCUSSION

Under 8 U.S.C. § 1231, noncitizens who are ordered removed must be detained for ninety-days pending the government's efforts to secure their removal. *See* 8 U.S.C. § 1231(a)(2). The ninety-day period is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). Once the removal period expires, the statute "limits an alien's post-removal-period detention to a period *reasonably* necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (emphasis added). A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After the six-month period lapses, the noncitizen has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If a noncitizen makes such a showing, the burden then shifts to the government to rebut it. *See id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the noncitizen's release may be conditioned on any of the various forms of conditioned release. *See id.* at 700.

Here, Petitioner's removal order became administratively final on August 24, 2026. *See* 8 U.S.C. § 1231(a)(1)(B)(i); ECF No. 6-1, Ex. 4 at 14–15. While Petitioner's mandatory ninety-day removal period ended on November 22, 2026, he is still well within the six-month post-removal period where detention is presumed reasonable. Petitioner's presumptively reasonable detention period ends on February 24, 2027. *See Zadvydas*, 533 U.S. at 701. Even if Petitioner's detention was not within the six-month period, however, he bears the burden of rebutting the presumption that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* Petitioner does not provide any evidence to rebut the six-month presumption. Thus, the Petition is **DENIED**. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated: November 23, 2026

Hon. Dana M. Sabraw
United States District Judge